ELLSWORTH v. HUNT.

(Circuit Court of Appeals, Seventh Circuit. October 6, 1908. Rehearing Denied November 24, 1908.)

No. 1,441.

1. MASTER AND SERVANT (§ 332*)—INJURIES TO SERVANT—INDEPENDENT CONTRACTOR—QUESTION FOR JURY.

Where plaintiff, a servant of certain machinery movers, was directed by them to assist in moving a heavy motor from defendant's place of business, and he was injured while doing so by the fall of defendant's elevator by which the motor was lowered, evidence *held* to justify submission to the jury of the question whether plaintiff's employers were engaged to do the work as independent contractors and selected the elevator as their means of doing their own task, or whether defendant was in charge of the work.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 332.*

Who are independent contractors, see note to Atlantic Transport Co. v. Coneys, 28 C. C. A. 392.]

2. NEGLIGENCE (§ 119*)—INJURIES TO SERVANT—ISSUES AND PROOF.

In an action for injuries by the fall of an elevator, plaintiff could not complain of negligence in loading a motor on the elevator at the time of the accident, where the negligence was limited to the elevator cables and appliances being permitted to become weak and unsafe, and in defendant's permitting the motor to be loaded onto the elevator knowing it was not of sufficient strength.

[Ed. Note.—For other cases, see Negligence, Dec. Dig. § 119.*]

3. NEGLIGENCE (§ 136*)—ELEVATORS—OVERLOADING—QUESTION FOR JURY.

In an action for injuries to plaintiff while assisting in lowering a motor by means of defendant's elevator, evidence *held* to warrant the submission of the question of defendant's negligence in permitting the elevator to be overloaded to the jury.

[Ed. Note.—For other cases, see Negligence, Dec. Dig. § 136.*]

4. MASTER AND SERVANT (§ 332*)—INJURIES TO THIRD PERSONS—INSTRUCTIONS—APPLICABILITY TO ISSUES.

Where, in an action for injuries by the fall of an elevator, plaintiff's only allegation of negligence related to the weakness or the insufficiency of the elevator, and defendant claimed that the lowering of a motor in which plaintiff was engaged when injured was the work of plaintiff's employers as independent contractors, and that they selected the elevator as their own means in doing the work, the court erred in charging that if the jury did not find plaintiff's employers were independent contractors, but that plaintiff for the time being became defendant's servant, it was defendant's duty to furnish a reasonably safe working place and reasonably safe appliances, and if he failed to do so, and plaintiff was injured without contributory negligence, he could recover.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 332.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. NEGLIGENCE (§ 122*)—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.
    The burden of proving contributory negligence is on the defendant.
    [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 226–234; Dec. Dig. § 122.*]

In Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

William S. Oppenheim, for plaintiff in error.
William E. Griffin, for defendant in error.

Before GROSSCUP, BAKER, and KOHLSAAT, Circuit Judges.

BAKER, Circuit Judge. Hunt recovered judgment against Ellsworth for damages due to personal injuries.

The declaration was in two counts. In the first, plaintiff alleged that defendant operated a factory, in which a freight elevator was used; that defendant had on the third floor a 5000-pound motor which he desired to lower to the ground floor and send away; that plaintiff was in the employ of Mix & Jackson, general teamsters; that Mix & Jackson, at the instance of defendant and for a valuable consideration, sent plaintiff with a heavy wagon to assist in loading and hauling away the motor; that on plaintiff's arrival he was ordered by defendant to go to the third floor and assist defendant in loading the motor onto the elevator, by which defendant intended and attempted to lower the motor to the ground floor; that prior to this time defendant had negligently permitted the cables and other appliances by which the elevator was raised and lowered to become in such an unsafe, weak, and insufficient condition that they were likely to break while the motor was being loaded or lowered on the elevator, all of which the defendant knew, but which plaintiff, through no want of care, did not know; that, while plaintiff was on the elevator assisting in the work in obedience to defendant's orders, the cables and other appliances broke as the direct result of their weak and unsafe condition, whereby plaintiff, without fault on his part, was dropped to the basement and severely injured.

The second count differed from the first only in this: That the negligence alleged consisted of defendant's loading the motor onto an elevator which he knew was not of sufficient strength.

To this declaration defendant pleaded the general issue.

The first assignment presented is that the court erred in refusing to direct the jury to return a verdict in defendant's favor. One ground of this contention is that defendant contracted with Mix & Jackson that they should lower the motor from the third floor; that Mix & Jackson, through plaintiff as their agent, selected the elevator as their means of doing their own task; and that defendant was therefore not answerable to plaintiff for the defective condition or the insufficient capacity of the elevator. Delano, defendant's superintendent, testified that Patterson, his assistant (who was not a witness), telephoned to Mix & Jackson within his hearing as follows:

"This is Edward Ellsworth & Co. We have a motor on the third floor that we want brought down and sent to the Gregory Electric Company. We

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

have another motor. at the Gregory Electric Company we want you to bring back. We want your machine wagon and a machine mover to do this work."

If it be granted that there was further evidence from which the jury might have found that the message as stated was received by Mix & Jackson and agreed to, that plaintiff was informed that the lowering of the motor was Mix & Jackson's work, and that he selected the elevator in preference to rigging up a block and tackle in the elevator shaft, nevertheless the action of the court was right, for there was evidence to the contrary which properly was submitted to the jury. Jackson testified that he did not know what the arrangement was between his firm and defendant; that the message was received by one of the clerks in the office, and was transmitted by an employé named Weir. Neither the clerk nor Weir stated what the message was as they received it. Weir said that the order from Ellsworth came to the office, was told to him, and by him passed on to the driver (plaintiff). As soon as plaintiff with the wagon reached defendant's factory, defendant's foreman, Pankey (according to plaintiff's version, which is in direct conflict with Pankey's) proceeded with the work of lowering the motor, and all that plaintiff did was to assist and obey Pankey. So the jury may have concluded (and presumably did) that what was done was better evidence of the contract relations than one side of a telephone conversation.

It is further contended that the case should have been taken from the jury because, even if there was evidence that plaintiff, under defendant's contract with Mix & Jackson, was sent to the factory to assist defendant's servants in lowering the motor, then plaintiff became the servant of defendant for that purpose, and therefore should not be heard to complain of the negligent manner in which his fellow servants placed the motor upon the elevator. Independently of the fellow-servant rule, plaintiff should not be heard in this action to complain of negligence in the way the motor was loaded onto the elevator, because such was not the negligence counted on in the declaration. If the undisputed evidence showed that the cause of the injury was, as defendant asserts, the negligent manner in which Pankey and other workmen put the motor upon the elevator, the jury should have been directed to return a verdict for defendant, not because plaintiff and Pankey were fellow servants, but because plaintiff had failed to establish the case which he had caused defendant to be summoned into court to answer. Now, while the testimony of Pankey and others might have warranted the jury in finding that the cause of the injury was the negligent manner of loading, and not the defective condition or inadequate capacity of the elevator, our examination of the bill of exceptions satisfies us that the testimony for plaintiff might justify the inference that the sinking of the elevator below the floor level, whereby the motor, as it was being loaded, toppled over and jarred the elevator, was not due to the carelessness of the men in ordering or doing the work, but was attributable to the elevator's insufficiency of strength to stand in position while receiving the weight of the motor, which was 65 per cent. above the certified capacity of the elevator. In this state of the evidence it would have been error not to submit the case to the jury.

The remaining assignments relate to the giving and refusal of instructions. The pleadings and the evidence, hereinabove stated, show the respective contentions of the parties. Plaintiff asserted that the work of lowering the motor was defendant's, and that the cause of the injury was the unsoundness or insufficiency of the elevator. Defendant said no, the work was Mix & Jackson's; and, at all events, the injury was not caused by the unfitness of the elevator, but by the method of loading. Instructions should be limited, of course, to the issues.

The court charged:

"Assuming you should find the plaintiff became the defendant's servant, still it is the duty of the master—it was the duty of Ellsworth—to furnish a reasonably safe working place, reasonably safe appliances. So, if you find the defendant did not perform his duty in this respect, notwithstanding you may think that Hunt was his servant, and the accident happened by reason of not furnishing a sufficient elevator, and not through the plaintiff's contributory negligence, then you might be authorized to find a verdict for the plaintiff, although you might find he was for the time being working for the defendant; and then further, on the same theory, if you should take the defendant's theory that Hunt was for the time being defendant's servant, still, if you find that the accident was caused by anything that Delano did, or anything that Pankey did with Delano's knowledge, express or implied, if those acts of Delano or Pankey were negligent, still you might find that plaintiff is entitled to recover if he himself was not guilty of contributory negligence."

At the conclusion of the charge, defendant excepted—

"to that portion of the instructions which stated that if this accident happened because of the obeying by plaintiff of any instructions of Delano or Pankey, then defendant would be liable."

Plaintiff urges that this exception is not available because it fails to identify with sufficient accuracy the part of the charge that was considered erroneous. But in a colloquy concerning this exception, the trial judge stated that he understood that exception was being taken to the "and then further" part of the foregoing quotation from the charge. That the part excepted to had reference to the question of the negligence of the workmen in the method of loading is made certain, we think, by the very next words of the charge:

"Now, if the accident was not caused by the weakness or insufficiency of the elevator, but was caused by the way they put this machine on the elevator, and if plaintiff was not in the exercise of ordinary care, then he should not be allowed to recover."

It was prejudicial error to instruct the jury that plaintiff had a right to recover on any basis other than that the accident was caused by the weakness or insufficiency of the elevator.

As we read the record, defendant's strongest insistence was that the job of lowering the motor was Mix & Jackson's, and that plaintiff as their agent selected the elevator as his own means of doing the work. At the opening of the evidence defendant's counsel had stated to the court:

"We insist that it (the motor) was turned over to them (plaintiff's employers, Mix & Jackson) for removal."

In the part of the charge herebefore quoted, the court stated that, if plaintiff became defendant's servant, it was defendant's duty to furnish reasonably safe appliances. Further on the court said:

"If, on the other hand, you find that he was not defendant's servant at any time, then the same rule applies as to the defendant furnishing him a safe elevator."

At the conclusion of the instructions, the following occurred:

"Mr. Oppenheim: I think your honor ought to instruct the jury that if Mr. Hunt went there and took charge of this work, then the defendant could not be liable for any order or direction given by Mr. Hunt.

"The Court: That is, that he became the servant?

"Mr. Oppenheim: No, that he took charge as claimed by the defendant. * * * If he went there and took charge and directed the men to move this motor upon the elevator, that is immaterial whether the elevator in such case was sufficient to bear the weight or not, and in such case he cannot recover.

"The Court: No, I would not give that. I don't think that is right."

While neither the charge nor the request is so precise that it cannot be applied to other contentions than the one of defendant now under review, yet when we note defendant's claim at the beginning of the evidence, and the reference to the claim in connection with the request, and the fact that the evidence contains no other matter to which the instruction and request would pertinently apply, we are unable to avoid the conclusion that defendant was virtually deprived of all benefit of his principal line of defense.

The last exception is as to the charge respecting contributory negligence. There is nothing in the record that takes this case out of the established rule in the federal courts that the burden of proof of contributory negligence is upon the defendant.

The judgment is reversed, with the direction to grant a new trial.